# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTELLISOFT, Ltd, <br><br> Plaintiff, <br><br> v. <br><br> ACER AMERICA CORPORATION, et al., <br><br> Defendants. | Case No. 17-cv-06272-PJH <br><br> **ORDER DENYING COUNTER-DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 48 |

Before the court is counter-defendants Intellisoft, Ltd and Bruce Bierman's motion to dismiss defendants and counter-plaintiffs Acer America Corp. and Acer Inc.'s (together, "Acer") counterclaim for declaratory relief under the Declaratory Judgment Act. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES counter-defendants' motion as follows.

## BACKGROUND[1]

On March 21, 2014, Bierman and Intellisoft filed this action in the Superior Court of the State of California for the County of Marin against Acer. Bierman later voluntarily dismissed himself from the case and assigned his interest to Intellisoft. In brief, Intellisoft alleges that Bierman invented certain trade secrets related to computer power

---

[1] As the current motion presents similar legal and factual issues, the court assumes the parties' familiarity with the court's prior order on Intellisoft's motion to remand.

United States District Court
Northern District of California

1  management. Fourth Amended Complaint ("4thAC"), ¶¶ 41-65. Intellisoft further alleges
2  that in the early 1990s, Bierman shared those purported trade secrets with Acer pursuant
3  to a non-disclosure agreement, that Acer stole those trade secrets, and that Acer
4  obtained a series of patents (the "'713 patents" or the "patents") based on those trade
5  secrets without Bierman's knowledge. Id. ¶¶ 27-65. On September 25, 2015, Intellisoft
6  filed its fifth pleading, the 4thAC, asserting causes of action for: (1) misappropriation of
7  trade secrets, (2) intentional misrepresentation and concealment, (3) breach of contract—
8  non disclosure agreement, and (4) accounting. Id. ¶¶ 70-101.

On October 30, 2017, Acer removed the matter to this court after Intellisoft revealed through last-minute expert discovery that, according to Acer, Intellisoft's case rested on patent theories of inventorship, infringement, and infringement-based royalty damages. Notice of Removal, Dkt. 1. On November 20, 2017, Acer filed an amended counterclaim against Bierman and Intellisoft seeking a declaratory judgment that Bierman did not contribute to the invention of the ideas in the '713 patents and was properly not named as an inventor of those patents. Dkt. 20 ¶ 7.

On January 22, 2018, the court denied Intellisoft's motion to remand, holding that the court had federal subject-matter jurisdiction on two independent grounds. See generally Dkt. 35 (the "Remand Order"). First, Acer's Declaratory Judgment Act counterclaim provided a basis for removal under 28 U.S.C. § 1454 and 35 U.S.C. § 256. Id. at 16-22. Second, jurisdiction existed under §§ 1338 & 1441 because Intellisoft's state law claims necessarily raised questions of patent law. Id. at 11-16.

Counter-defendants now move to dismiss Acer's Declaratory Judgment Act counterclaim because, according to counter-defendants, there is no case or controversy and because Acer lacks standing as it has not alleged an injury. The court's Remand Order specifically addressed the justiciability of Acer's counterclaim under Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). Id. at 20-22. Nevertheless, counter-defendants argue that the present motion demands a different result because of two newly-submitted pieces of evidence: (i) declarations from Bierman and Andrew

2

1  Spielberger, counter-defendants' counsel, that contain "covenants not to sue" and (ii) a
2  declaration from Intellisoft's expert Irving Rappaport attesting that he will not offer
3  testimony that Bierman or Intellisoft should have been named as inventors on any of the
4  '713 Patents.

As discussed below, the court finds that these two "new" facts do not extinguish the controversy supporting Acer's declaratory judgment counterclaim.

**DISCUSSION**

**A.    Legal Standard**

**1.    Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the

3

complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

### 2. Rule 12(b)(1)

On a motion to dismiss pursuant to Rule 12(b)(1), the applicable standard turns on the nature of the jurisdictional challenge. A defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where, as here, the party makes a factual challenge, the party "rel[ies] on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." Courthouse News Service v. Planet, 750 F. 3d 776, 780 (9th. Cir. 2014) (internal quotation marks omitted, alteration in original). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (internal citation omitted). The burden of establishing that a cause of action lies within the court's limited jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The Ninth Circuit has explained:
> As required by Article III, courts may adjudicate only actual cases or controversies. U.S. Const. art. III, § 2, cl.1. When presented with a claim for a declaratory judgment, therefore, federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion. Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1).

Rhoades v. Avon Prod., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted).

The Supreme Court "require[s] that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of

4

facts.'" Danisco U.S. Inc. v. Novozymes A/S, 744 F.3d 1325, 1330 (Fed. Cir. 2014) (quoting Medimmune, 549 U.S. at 127). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, 549 U.S. at 127.[2]

However, the "general rule" applies that "when the question of jurisdiction and the merits of the action are intertwined, dismissal for lack of subject matter jurisdiction is improper." In re Wilshire Courtyard, 729 F.3d 1279, 1284 n.4 (9th Cir. 2013); Leite, 749 F.3d at 1121-22 n.3 ("[A] court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." (emphasis added)).

**B.     Analysis**

**1.     Counter-Defendants' Two New Facts Do Not Change The Court's Prior Justiciability Ruling.**

As indicated above, counter-defendants' motion primarily contends that two new facts—the covenants not to sue and Rappaport's declaration—remove any controversy supporting Acer's counterclaim. The court rejected a nearly identical argument when it denied Intellisoft's motion to remand. See Remand Order at 20-22. (addressing whether there was an actual controversy for the purposes of the Declaratory Judgment Act). Regardless of how counter-defendants' characterize them, the newly submitted facts are not substantively different from those the court considered in its prior order.

**a.     Counter-Defendants' Covenants Not To Sue**

In support of this motion, counter-defendants submitted "covenants not to sue" within the declarations of Bierman and Spielberger. Though the covenants are phrased

---

[2] Counter-defendants argue that court should apply the "reasonable apprehension" test. That showing is sufficient, but not necessary. Arkema Inc. v. Honeywell Int'l, Inc., 706 F.3d 1351, 1356 n.5 (Fed. Cir. 2013) ("While a declaratory judgment plaintiff is no longer required to demonstrate a reasonable apprehension of suit, such a showing remains sufficient to establish jurisdiction." (internal citation omitted)).

5

United States District Court
Northern District of California

in several ways, the substance is the same:

> I, Bruce Bierman, on behalf of myself as an individual, hereby unequivocally and unconditionally covenant not to ever sue Acer America Corporation and/or Acer, Inc. ("Counter-Plaintiffs") and/or any affiliate or assignee of Counter-Plaintiffs under 35 USC Section 256 or make any claim or assertion in any action to be named as an inventor or as a co-inventor of United States Patent Numbers 5,410,713 and its Continuation Patents: 5,870,613; 5,884,087 and 5,903,765.

Bierman Decl. ¶ 3; see also Bierman Decl. ¶ 5 ("waive any interest in being named as an inventor or co-inventor for" the patents); Bierman Decl. ¶¶ 7-11; Spielberger Decl. ¶ 3-6.

By way of comparison, in its motion to remand, Intellisoft argued that no controversy existed because Bierman and Spielberger attested that neither Bierman nor Intellisoft would seek to have Bierman "declared as an inventor as that term is defined in Title 35 of the United States Code by any Tribunal or by the USPO on any patent." Dkt. 21, Spielberger Remand Decl. ¶ 6; see also Dkt. 28, Spielberger Remand Reply Decl. ¶ 4 (similar); Dkt. 28, Bierman Remand Reply Decl. ¶ 4 (similar).

The two sets of declarations are substantively the same. Both sets of declarations confirm that counter-defendants do not seek to have Bierman named as an inventor of the patents under the federal patent laws. See also Bierman Decl. ¶ 11 ("I hereby confirm that Intellisoft, Ltd is not seeking to be declared as an inventor or co-inventor per 35 USC Section 256."). But counter-defendants simultaneously concede that "the source of the ideas in the 713 Family of Patents is at issue in Intellisoft's trade secret misappropriation and breach of contract claims." Reply at 6. This is the same distinction the court made and found sufficient and justiciable in its prior order. Counter-defendants' inclusion of the phrase "covenant not to sue" does not change that analysis.

Accordingly, for the same reason the court rejected Intellisoft's argument in support of remand, the court rejects counter-defendants' argument here:

> The court finds the present controversy meets th[e Medimmune] standard. [Intellisoft's] state court cause of action is premised on a showing that the '713 Family of Patents contain ideas that were not conceived of by the named inventors of those patents. [Intellisoft] does not dispute that Bierman's purported conception of the technology is central to plaintiff's misappropriation theory. Further, if

6

> [Intellisoft] succeeds in showing Bierman conceived of the ideas, any or all of the '713 Family of Patents might be invalidated for defect in inventorship under 35 U.S.C. § 256. . . . [Intellisoft's] refusal to stipulate that the '713 Family of Patents correctly lists the named inventors, confirms this holding.

Remand Order at 21.

### b. Rappaport's Declaration

The Rappaport declaration is the only other new evidence counter-defendants submitted. As detailed in the Remand Order, during Rappaport's deposition, he testified that Bierman should have been named as an inventor of the '713 patents and he planned on testifying to that effect at trial. Remand Order at 3. Rappaport now attest that he "will not offer testimony . . . in questioning from anyone in this action that Mr. Bierman (or Intellisoft, Ltd) should have been named as an inventor or a co-inventor on any of the subject patents." Rappaport Decl. ¶ 3. And Rappaport will not testify that "Bierman or Intellisoft, Ltd has a legal inventorship claim under the federal patent laws." Id.

Rappaport's revised intention does not change the court's prior analysis. In short, Rappaport vows that he will not testify that Bierman or Intellisoft should have been a named inventor, as defined by the federal patent laws, on the '713 patents. Rappaport could, however, testify at trial that Bierman invented—i.e., conceived of the ideas—in the '713 patents without specifically referencing "inventor" as defined under the federal patent laws. The court has already rejected that artful but artificial distinction. Remand Order at 11-15; see also Dkt. 51-1, Ex. A (excerpt of hearing on motion for remand transcript).

### 2. Counter-Defendants' Covenants Not To Sue Do Not Extinguish The Controversy.

Counter-defendants next argue that the covenants not to sue require dismissal of the counterclaim because they extinguish the controversy between the parties. Intellisoft did not raise this particular argument in its prior motion. Nevertheless, for reasons similar to those discussed in the Remand Order, the court holds that counter-defendants' covenants do not moot the relevant controversy between the parties.

The Federal Circuit has "held that 'whether a covenant not to sue will divest the

trial court of jurisdiction depends on what is covered by the covenant.'" Dow Jones & Co. v. Ablaise Ltd., 606 F.3d 1338, 1346–47 (Fed. Cir. 2010) (quoting Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 556 F.3d 1294, 1297 (Fed. Cir. 2009)). As explained above, the covenants only disavow actions brought under § 256 or argument asserting that Bierman or Intellisoft should have been named as an inventor, as defined by the federal patent laws, on the patents at issue. True, the covenants do not contain any exceptions or caveats, but the covenants are too narrow to "extinguish[ ] any current or future case or controversy between the parties, and divest[ ] the [ ] court of subject matter jurisdiction." Dow Jones, 606 F.3d at 1348.

Justiciability under the Declaratory Judgment Act is broader than counter-defendants recognize. In Arkema Inc. v. Honeywell Int'l, Inc., 706 F.3d 1351, 1355 (Fed. Cir. 2013), Honeywell initially accused Arkema of infringing Honeywell's European patent rights with respect to a particular product, 1234yf. One year later, Arkema sued Honeywell in the Eastern District of Pennsylvania seeking declaratory judgment that two of Honeywell's patents were invalid and Arkema's plan to sell 1234yf in the U.S. would not infringe on those patents. 706 F.3d at 1355. Honeywell subsequently counterclaimed asserting infringement based on Arkema's 1234yf offering. Id. While that litigation was ongoing, the U.S. Patent and Trademark Office ("USPTO") granted Honeywell's application for two related patents and Arkema moved to supplement its complaint seeking declaratory judgment of non-infringement and invalidity as to those two related patents because Arkema feared further liability should it proceed to sell 1234yf. Id. The district court found that there was no justiciable controversy as to those two patents. Id. at 1355-56. The Federal Circuit reversed. Id. at 1357.

The Federal Circuit framed the dispute as "a controversy between Arkema and Honeywell as to the legal rights in the 1234yf technology." Id. That, according to the court, was "a quintessential example of a situation in which declaratory relief [was] warranted." Id. The court explained that Arkema "has concrete plans for offering 1234yf" in the U.S., but if "Honeywell's view of its patent coverage prevails, then proceeding with

8

its plans would expose Arkema to significant liability." Id. The Federal Circuit explained that "[e]ven under the now-discarded reasonable apprehension test, it was well established that a sufficient controversy existed for declaratory judgment jurisdiction when the patentee had accused the declaratory judgment plaintiff of misappropriating the same technology in a related litigation." Id. at 1358 (citing Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 955 (Fed. Cir. 1987)). "Here, Honeywell has accused Arkema of infringing its rights with respect to 1234yf in litigation over [a] closely related [ ] patent . . . This creates a sufficient affirmative act on the part of the patentee for declaratory judgment purposes." Id.

Goodyear, applying the less lenient "reasonable apprehension" test, reached a similar conclusion based on facts similar to those here. Goodyear involved two separate suits involving the same technology. 824 F.2d at 954. The state court suit alleged misappropriation of certain trade secrets related to the technology. Id. While that case was ongoing, the USPTO granted the state court plaintiff two patents "directed to essentially the same technology involved in the state trade secret litigation." Id. State court defendant Goodyear subsequently intiated suit in federal court seeking a declaratory judgment that the issued patents were invalid, unenforceable, and non-infringed. Id. The Federal Circuit reversed the district court's holding that no "actual controversy" existed.

Like the Honeywell court, the Goodyear court framed the controversy broadly. "[T]he situation here indicates that these parties are themselves currently embroiled in a protracted dispute in state court over the commercial technology generally covered by the" issued patents. Goodyear, 824 F.2d at 955. The court explained that:

> The mere fact that the state court action did not specifically involve the [issued patents] . . . is immaterial in these circumstances. First, those patents did not issue until after the state trial judge had granted Goodyear's motion for summary judgment, and thus the patents could not have been at issue in that litigation. Second, though the patents had not issued when the state action was begun, that proceeding involves trade secret misappropriation of the same technology covered by the . . . [issued] patents.

9

1   Goodyear, 824 F.2d at 955 (emphasis added, citation omitted).

2   In accordance with Honeywell and Goodyear, counter-defendants' covenants do
3   not extinguish the controversy underlying Acer's declaratory judgment counterclaim.
4   Counter-defendants' covenants are designed to moot Acer's counterclaim while
5   simultaneously allowing Intellisoft to pursue its trade secret claim. A claim that, as
6   explained in the Remand Order, addresses the exact same issue as to the exact same
7   technology. See generally Remand Order. Counter-defendants admit that that
8   controversy exists. Dkt. 53 at 6 ("The source of the ideas in the 713 Family of Patents is
9   at issue . . "). That Intellisoft chose to address that controversy via a trade secret suit
10  does not prohibit Acer from addressing the same controversy via the Declaratory
11  Judgment Act. See also Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d
12  1330, 1344–45 (Fed. Cir. 2007) ("[R]elated litigation involving the same technology and
13  the same parties is relevant in determining whether a justiciable declaratory judgment
14  controversy exists on other related patents."); Vanguard Research, Inc. v. PEAT, Inc.,
15  304 F.3d 1249, 1255 (Fed.Cir. 2002) (justiciable declaratory judgment controversy where
16  defendant had brought trade secret suit against declaratory judgment plaintiff).[3]

### 3. Whether Acer Has Article III Standing

Counter-defendants next argue that Acer does not have Article III standing because Acer has not alleged an injury. This argument ignores the court's prior order and the relevant law. The MedImmune test encompasses the Article III injury requirement.

> [T]here is no bright-line rule for determining whether an action satisfies the case or controversy requirement. To the contrary, the difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree . . . with the basic standard being

---

[3] For similar reasons, the court rejects counter-defendants' 35 U.S.C. § 102 argument that no controversy exists because counter-defendants do not have have standing to invalidate the patents. The controversy here is not whether the patent is invalid due to improperly named inventors, but rather who conceived of the technology in the patents. The same goes for counter-defendants' § 286 statute of limitations argument.

10

whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment . . ."

Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1336 (Fed. Cir. 2008) (quoting Medimmune). If, as is the case here, the declaratory relief plaintiff satisfies that test, then the declaratory relief plaintiff also has standing.[4]

## CONCLUSION

In accordance with the foregoing, the court DENIES counter-defendants' motion to dismiss.[5]

**IT IS SO ORDERED.**

Dated: May 29, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[4] Acer has also separately alleged a plausible injury. Acer faces millions of dollars' worth of liability if Intellisoft succeeds on its trade secret claim. Dkt. 20 ¶ 33. Further, Acer's past and future attorneys' fees satisfy Article III's injury requirement. See Joe Hand Promotions, Inc. v. Cusi, 2013 U.S. Dist. LEXIS 107730, at *3 (S.D. Cal. July 31, 2013).

[5] Counter-defendants' request for judicial notice is DENIED as moot.

11